IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES,

    Plaintiff,

vs.

A 1987 TRAILMOBILE DRY BOX
TRAILER, VIN # 1PT02AAHOH9007221,        Civ. No. 01-813 MV/WWD

    Defendant,
and

T & M TRANSPORTATION, INC.,

    Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment Regarding the Right, Title, and Interest of Claimant T & M Transportation, Inc., filed May 23, 2002 **[Doc. No. 14]** and Memorandum Brief in support thereof **[Doc. No. 15]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED.**

The United States seeks forfeiture of the Defendant vehicle pursuant to 49 U.S.C. § 80303, claiming that it was used was used to transport or facilitate transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of contraband cigarettes, in violation of 49 U.S.C. § 80302. The United States's motion for summary judgment is opposed by Claimant on the grounds that forfeiture would violate its constitutional rights to due process and is precluded because

it is an "innocent owner" of the vehicle, as defined by 18 U.S.C. § 983(d). Claimant also states that the forfeiture is unreasonable when compared to the gravity of the offense, per 18 U.S.C. § 983(g).

## STANDARD

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Pittsburg & Midway Coal Min. Co. v. Yazzie*, 909 F.2d 1387, 1427 (10th Cir. 1990), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the

nonmoving party's case, *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

## DISCUSSION

Claimant first disputes all the facts recounted in Plaintiff's motion "for lack of knowledge and belief." Claimant then recites the innocent defense and proportionality provisions of the general civil forfeiture statute, 18 U.S.C. §§ 983(d), (g). In support of its objection, Claimant summarily states that it did not know its vehicle was being used for an illegal purpose and that when it learned of the illegal use, it fired the employees suspected of the offense. Claimant offers no evidence in support of its position beyond these naked allegations.[1] In contrast, Plaintiff argues that Claimant had knowledge the vehicle was being used to transport contraband cigarettes. In support of these claims, Plaintiff has supplied the Court with the signed affidavit of ATF Special Agent Frank Ortiz indicating that, in an interview with Ricardo Martinez, president of the claimant corporation, Martinez stated he "had authorized the interstate transportation and shipment of the cigarettes." (Ortiz Aff. ¶6.) In addition, Agent Ortiz's affidavit indicates that one of the drivers of the vehicle, Baltazar Reyes, stated that Martinez had arranged for the shipment. (Ortiz Aff. ¶4.)

Looking at the material submitted to the Court, there is not a scintilla of evidence that could be construed as lending support to Claimant's bald assertions.

---

[1] In spite of the near verbatim repetition of the proportionality provision, Claimant has made no request for relief and offered no evidence as to the value of either the truck or the seized contraband that would allow the Court to make an assessment under this portion of the statute.

**IT IS THEREFORE ORDERED** that Plaintiff's Plaintiff's Motion for Summary Judgment Regarding the Right, Title, and Interest of Claimant T & M Transportation, Inc., filed May 23, 2002 **[Doc. No. 14]** is hereby **GRANTED.**

Dated this 23rd day of April, 2003.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
T&M Transportation, Inc.

Attorney for Defendant:
Stephen R. Kotz